Opinion for the Court filed PER CURIAM.
Dissenting opinion filed by Circuit Judge KAVANAUGH.
On Remand from the U.S. Supreme Court
PER CURIAM:
The Supreme Court has directed this court to determine whether our decision in Moore v. Hartman, 644 F.3d 415 (D.C.Cir.2011) (“Moore V”), holding that “probable cause is not an element of the First Amendment right allegedly violated” in a retaliatory prosecution suit, id. at 423, remains good law in light of Reichle v. Howards, — U.S. -, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012). There, in examining whether the law governing retaliatory arrest claims was clearly established in the Tenth Circuit in 2006, the Court expressly declined to decide whether the absence-of-probable-cause requirement identified in Hartman v. Moore, 547 U.S. 250, 265-66, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006), is “best read as defining the scope of the First Amendment right or as simply establishing a prerequisite for recovery.” Reichle, 132 S.Ct. at 2096 n. 6. Instead, the Court hinged its decision in Reichle on the fact that Hartman unsettled Tenth Circuit precedent that had conflated retaliatory arrest and retaliatory prosecution claims. See id. at 2094-96. Because it was uncertain whether the Tenth Circuit’s retaliatory arrest law remained clearly established, the defendants in Reichle were entitled to qualified immunity. The Court in Reichle was thus agnostic on the issue central to our holding in Moore V.
Because retaliatory arrest and retaliatory prosecution are distinct constitutional violations and because the precedent in this Circuit clearly established in 1988, when the challenged conduct by the Postal Inspectors took place, the contours of the First Amendment right to be free from retaliatory prosecution, nothing in Reichle changes our conclusion that the absenee-of-probable-cause requirement is not “an element of a First Amendment retaliation violation.” Moore V, 644 F.3d at 424. If the Postal Inspectors believe that the Court in Reichle meant to decide what it refused to decide in Hartman and bring to a halt this three decades old case involving evidence that, unlike in Reichle where probable cause was conceded, “comes close to the proverbial smoking gun,” Moore v. Hartman, 388 F.3d 871, 884 (D.C.Cir.2004) {“Moore III ”), they are free to once again petition for certiorari and ask the Supreme Court if it wishes to end this saga.